

Sep 15 2005

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 05-10073 CIV-MOORE

FLORIDA DISABLED OUTDOORS
ASSOCIATION, a Florida not-for-profit
corporation, THE ASSOCIATION FOR
DISABLED AMERICANS, INC., a Florida
not-for-profit corporation,
DONNA DICKENS, an individual,
BILL GANNON, an individual,
CATHY GANNON, an individual, and
MICHELLE WISNIEWSKI, an individual,

      Plaintiffs,

vs.

CORAL REEF PARK, CO., INC., a Florida
Corporation, FLORIDA DIVISION OF
RECREATION AND PARKS, a
division of the State of Florida, and
MIKE BULLOCK, Director, in his Official
Capacity,

      Defendants.
_____/

### DEFENDANTS FLORIDA DIVISION OF RECREATION AND PARKS AND MIKE BULLOCK'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE

The Defendants, FLORIDA DIVISION OF RECREATION AND PARKS and MIKE BULLOCK, sued in his official capacity as Director of the Florida Division of Recreation and Parks, pursuant to Rule 12, Federal Rules of Civil Procedure, move this Honorable Court to enter

13/mh

an order dismissing Plaintiffs' Complaint with prejudice. As grounds therefor, Defendants would state:

1. Plaintiffs have filed a four count Complaint[1] against Defendants Florida Division of Recreation and Parks and Mike Bullock in his official capacity as Director of the Florida Division of Recreation and Parks.

2. Plaintiffs seek preliminary and permanent injunctive relief and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12131-12134, 12181 et seq., the Florida Americans with Disabilities Accessibility Implementation Act, and the Florida Accessibility Code for Building Construction. Plaintiffs also seek injunctive relief and compensatory damages pursuant the Rehabilitation Act, 29 U.S.C. § 794 et seq..

3. Plaintiffs' claims arise from numerous alleged ADA violations at the John D. Pennekamp Coral Reef State Park (the "property") in Key Largo, Florida. (Complaint ¶37).

4. Plaintiffs' claims must be dismissed for one, some, or all of the following reasons:

    A.  Plaintiffs have failed to allege Article III standing;

    B.  Plaintiffs' ADA claims are barred by the doctrine of Eleventh Amendment immunity; and

    C.  Plaintiffs' Rehabilitation Act claim fails to state a cause of action upon which relief may be granted.

---

[1] Count II is against the other named Defendant, Coral Reef Park Company, only.

For the foregoing reasons, Plaintiffs' Complaint must be dismissed in its entirety against Defendants Florida Division of Recreation and Parks and Mike Bullock in his official capacity as Director of the Florida Division of Recreation and Parks.

## MEMORANDUM OF LAW

### I. STANDARD FOR MOTION TO DISMISS

"It is well settled that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle [him] to relief." Banco Latino v. Gomez Lopez, 17 F. Supp. 2d 1327, 1331 (S.D. Fla. 1998) (citing Conley v. Gibson, 355 U.S. 41 (1957)). Generally, on a motion to dismiss, the Court must accept as true the complaint's well-pleaded facts. Miccosukee Tribe of Indians of Florida v. Florida State Athletic Comm'n, 226 F. 3d 1226, 1234 (11th Cir. 2000). However, conclusory allegations will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief. Municipal Utils. Bd. of Albertville v. Alabama Power Co., 934 F.2d 1493, 1501 (11th Cir. 1991).

### II. PLAINTIFFS HAVE FAILED TO ALLEGE ARTICLE III STANDING

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual cases and controversies. U.S. Const. art. 3 § 2. "A plaintiff must meet three requirements to have article III standing." Cone Corp. v. Florida Dept. of Transp., 921 F.2d 1190, 1203 (11th Cir. 1991). If the plaintiff is seeking declaratory and injunctive relief, first "he must demonstrate that he is likely to suffer future injury; second that he is likely to suffer such injury at the hands of the defendant; and third, that the relief the plaintiff seeks will likely prevent such injury from

occurring." Id. at 1203-04.  The most important concept in these requirements is the injury requirement.  See id. at 1204.[2]

"[B]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate–as opposed to a merely conjectural or hypothetical–threat of future injury."  Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001) (quoting Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1284 (11th Cir. 2001); see also Koziara v. City of Casselberry, 392 F.3d 1302, 1305 (11th Cir. 2004).  "When a plaintiff cannot show that an injury is likely to occur immediately, the plaintiff does not have standing to seek prospective relief even if he has suffered a past injury."  31 Foster Children v. Bush, 329 F.3d 1255, 1265 (11th Cir. 2003), cert. denied, 540 U.S. 984 (2003).

In ADA cases, the Eleventh Circuit has held "that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future disability discrimination by the defendant."  Miller v. King, 384 F.3d 1248, 1263 n.14 (11th Cir. 2004).  Here, Plaintiffs have not demonstrated a real and immediate threat of future disability discrimination by Defendants.  The individually named Plaintiffs (Dickens, Wisniewski, and Bill and Cathy Gannon) merely allege that they "intend" to visit the property at some unspecified date in the future.  (Complaint ¶¶20-23).  Defendants assert that this broad allegation does not demonstrate a real and immediate threat of injury in this case.  See Rosenkrantz v. Markopoulos, 254 F.Supp 2d 1250, 1252 (M.D. Fla. 2003) ("The Supreme Court in Lujan [v. Defenders of Wildlife, 504 U.S. 555, 564-64 (1992)] commented that to sufficiently establish injury in fact a

---

[2] Because the standing question goes to the court's jurisdiction, it is a threshold question that must normally be reviewed before the consideration of substantive questions.  See In re Olympia Holding Corp., 88 F.3d 952, 962 (11th Cir. 1996).

4

plaintiff must prove more than an intent to return to places previously visited."); Elend v. Sun Dome, Inc., 370 F. Supp. 2d 1206, 1210 (M.D. Fla. 2005) ("The plaintiffs' allegation that they intend to express their viewpoints at unspecified presidential appearances in the future is not sufficient to create standing.").[3] The individually named plaintiffs in this case have demonstrated nothing but a speculative or conjectural future injury. See Rosenkrantz, 254 F. Supp 2d at 1253 ("Plaintiff's future travel plans are just 'some day' intentions and lack any description of concrete plans or anything . . . definite . . . .").

Likewise, Plaintiffs Florida Disabled Outdoors Association and the Association for Disabled Americans, Inc. have alleged no real and immediate threat of future disability discrimination by Defendants. (Complaint ¶¶26-28; 33). The Complaint alleges that members of the associations have suffered injury as a result of Defendants' alleged ADA violations. As stated above, unless the plaintiff can demonstrate that an injury is likely to occur immediately, the plaintiff does not have standing to seek prospective relief even if he has suffered a past injury. See 31 Foster Children, 329 F.3d at 1265. The Complaint's broad allegations that members of the associations "will continue to suffer" injury and "desire" to visit the property are also not enough to demonstrate a real and immediate threat of future injury. See Nat'l Alliance for the Mentally Ill v. Bd. of County Comm'rs of St. John's County, 376 F.3d 1292, 1295 (11th Cir. 2004)

---

[3] Moreover, Bill and Cathy Gannon are residents of a different state (Pennsylvania), a factor which courts have taken into consideration when deciding the issue of standing. See Hoepfl v. Barlow, 906 F.Supp. 317, 320 (E.D. Va. 1995) (stating that "because [the plaintiff] now resides in a different state, it is highly unlikely that she will ever again be in a position where any discrimination by [the defendant] against disabled individuals will affect her personally"); Tyler v. The Kansas Lottery, 14 F. Supp. 2d 1220 (D. Kan. 1998) (plaintiff who had since moved to Wisconsin was unlikely to be harmed by discrimination at lottery outlets in Kansas).

5

("Assertions about what might happen do not establish an injury that is 'concrete and particularized.'") (relying on Lujan, 504 U.S. at 560)). Moreover, to the extent that Plaintiffs are attempting to demonstrate associational standing, they have failed to do so. See Nat'l Alliance, 376 F.3d at 1296 ("An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right . . . .") (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc., 528 U.S. 167 (2000)). Because Plaintiffs have not shown that any of their members have standing to sue, any claim of associational standing must also fail.

Finally, Plaintiffs must demonstrate that one, some, or all of them have sustained injury as the result of each asserted legal violation. In Count II, paragraph 37 of the Complaint, Plaintiffs recite a laundry list of 54 alleged ADA violations at the property. However, no effort is made to causally link any asserted act or omission of Defendants to an injury sustained by any named Plaintiff, and some of the items allege injuries which cannot be linked to any of the named Plaintiffs. For example, items b, g, bb, and kk each relate to individuals with visual or hearing limitations, yet none of the named Plaintiffs are alleged to be visually or hearing impaired. Absolutely no effort has been made to link any of the alleged violations to an injury sustained by any named Plaintiff.

Accordingly, Plaintiffs' Complaint should be dismissed in its entirety because Plaintiffs have failed to allege standing. Alternatively, each asserted legal violation which is not clearly causally linked to allegations of injury to a named Plaintiff must be dismissed for lack of standing.

### III.   PLAINTIFFS' ACTION IS BARRED BY ELEVENTH AMENDMENT IMMUNITY

### A. Title II of the ADA

Plaintiffs' Title II ADA claim (Count II) must be dismissed as against Defendant the Florida Division of Recreation and Parks based on Eleventh Amendment immunity. To state a cause of action under Title II of the ADA, Plaintiffs must comply with the following:

> To state a claim under Title II of the ADA, a plaintiff must allege: (1) that he is a "qualified individual with a disability;" (2) that he was "excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity" or otherwise "discriminated [against] by such entity;" (3) "by reason of such disability."

Shotz v. Cates, 256 F.3d 1077, 1079 (11th Cir. 2001).

The Florida Division of Recreation and Parks, as a division of the Florida Department of Environmental Protection, is an arm or instrumentality of the State of Florida. See § 20.255(3), Fla. Stat (2004). The Eleventh Amendment to the United States Constitution prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or has waived its immunity, see Dekalb County Sch. Dist. v. Schrenko, 109 F.3d 680, 688 (11th Cir. 1997), or where Congress has abrogated that immunity. See Ass'n for Disabled Americans, Inc. v. Florida Int'l Univ., 405 F.3d 954, 956-57 (11th Cir. 2005); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). Because Florida has neither consented to be sued nor waived its immunity to suit in federal court,[4] this case involves only the question of whether Congress has abrogated the state's Eleventh Amendment immunity in the context of Title II of the ADA.

---

[4] See Gamble v. Florida Dept. of Health and Rehabilitative Servs., 779 F.2d 1509, 1511 (11th Cir. 1986) ("We agree with the district court that Florida has not waived its Eleventh Amendment immunity and that, therefore [the agency] is not subject to suit in federal court in this action for damages."); see also § 768.28(18), Fla. Stat. (2004).

There has been no valid abrogation of immunity by Congress which would authorize this Court to exercise jurisdiction in this matter. The Supreme Court has held that courts must employ a two-part test to determine whether a congressional statute actually operates to abrogate a state's Eleventh Amendment immunity. First, the statute must contain an "unequivocal expression" of Congress's intent to abrogate the states' immunity. See Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996). Second, the statute must be an appropriate exercise of Congress's constitutional powers for its abrogation provision to have effect. Id. The first question is easily answered because the Act specifically provides, "A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter." 42 U.S.C. § 12202.

The second question is more difficult. In Tennessee v. Lane, 541 U.S. 509 (2004), the Supreme Court concluded that Title II, as it applies to the class of cases implicating the fundamental right of access to the courts, constitutes a valid exercise of Congress' § 5 authority to enforce the guarantees of the Fourteenth Amendment. 541 U.S. at 533-34 (emphasis added). Therefore, in Lane, the plaintiffs' suit brought pursuant to Title II for access to courts was not barred by the Eleventh Amendment. Lane's holding, however, is extremely limited; the Supreme Court expressly "declined to 'examine the broad range of Title II's applications all at once' and instead concluded that the only question before it was 'whether Congress had the power under § 5 to enforce the constitutional right of access to the courts.'" Johnson v. Southern Connecticut State Univ., 2004 U.S. Dist. LEXIS 21084 (D.C. Conn. 2004) (quoting Lane, 541 U.S. at 533)). In other words, in Lane the court found a valid abrogation of Eleventh Amendment immunity only in the narrow context of the fundamental right of access to courts.

8

Several circuit courts, including the Eleventh Circuit in one instance, have interpreted Lane accordingly. See Cochran v. Pinchak, 401 F.3d 184 (3d Cir. 2005) (refusing to extend Lane to Title II claims by disabled prison inmates); Bill M. v. Neb. Dep't of Health and Human Servs. Fin & Support, 408 F.3d 1096, 1100 (8th Cir. 2005) (refusing to extend Lane to a suit by plaintiffs alleging the denial of home and community-based Medicaid funded services in violation of Title II since, other than access to courts, "the extension of Title II of the ADA to the states is not a proper exercise of Congress' power"); Miller v. King, 384 F.3d 1248, 1275 (11th Cir. 2004) ("Title II of the ADA, as applied in this prison case, does not validly abrogate the States' sovereign immunity . . . ."); Pace v. Bogalusa City Sch. Bd., 403 F.3d 272, 303 (5th Cir. 2005) (en banc) (Jones, J., concurring in part and dissenting in part) (concluding, as to issue not reached by majority, that Fifth Circuit's prior precedent "remains valid in holding that ADA Title II, apart from the Lane scenario, does not validly abrogate States' Eleventh Amendment immunity"); Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 793 (9th Cir. 2004) (O"Scannlain, J., concurring) ("It is therefore open to question whether Title II validly abrogates state sovereign immunity where no such fundamental right is at issue. A State may well retain its Eleventh Amendment immunity where a plaintiff premises a Title II claim solely upon an alleged equal protection violation and has not suffered the deprivation of any other constitutional right.") (citations omitted).

This case involves neither the right of access to the courts nor a fundamental right. The only conceivable constitutional violation alleged would be an equal protection violation. However, no equal protection violation would be implicated. Allegations of disability-based discrimination are not analyzed pursuant to a strict scrutiny or heightened scrutiny standard. See

9

Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 442 (1985). Accordingly, such an allegation is analyzed pursuant to the rational basis standard. Pursuant to rational basis review, Plaintiffs bear the very heavy burden of having to allege that no conceivable rational basis exists to support Defendants' actions. Panama City Medical Diagnostic Ltd. v. Williams, 13 F. 3d 1541, 1547 (11th Cir. 1994). Under the circumstances, an equal protection violation would not be applicable, because there may be many conceivable rational bases for any disparate treatment (including cost factors).

This case is unlike Association for Disabled Americans, Inc. v. Florida International University, 405 F.3d 954 (11th Cir. 2005), where the Eleventh Circuit held that the Eleventh Amendment did not bar plaintiffs from suing a state university under Title II of the ADA. In that case, the court found that "discrimination against disabled students in education affects disabled persons' future ability to exercise and participate in the most basic rights and responsibilities of citizenship such as voting . . . ." Id. at 959. The denial of access to various recreational opportunities at a state park can hardly be argued to rise to this level.

In sum, there has been no valid abrogation of Eleventh Amendment immunity for cases alleging a denial of access to services which are not fundamental in character. Therefore, this action against Defendant the State of Florida is barred by the Eleventh Amendment to the United States Constitution and Plaintiffs' Complaint should be dismissed.

**B.     Plaintiffs' state law claims**

For the reasons outlined above, Plaintiffs' state law claims must be dismissed as against the Division of Recreation and Parks because of Eleventh Amendment immunity. Clearly, Florida has not waived its Eleventh Amendment immunity from suit for state law claims. See

Gamble v. Florida Dept. of Health and Rehabilitative Servs., 779 F.2d 1509, 1511 (11th Cir. 1986) ("We agree with the district court that Florida has not waived its Eleventh Amendment immunity and that, therefore [the agency] is not subject to suit in federal court in this action for damages."); see also § 768.28(18), Fla. Stat. (2004).[5]

### IV. PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION FOR A VIOLATION OF THE REHABILITATION ACT

Title 29 U.S. C. § 794a provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 7(20) [29 USCS § 705(20)] shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

Therefore, to prevail on an action under § 794a, a plaintiff must allege and prove that 1) he is an individual with a disability within the meaning of the Act and relevant regulations, 2) he is "otherwise qualified" for the program in question, 3) the program in question receives Federal financial assistance, and 4) he was excluded from participation in, denied the benefits of, or subjected to discrimination in the program because of his disability.

Plaintiffs' Complaint fails to state a cause of action under the Rehabilitation Act. Most glaringly, Plaintiffs' Complaint does not allege that Defendants the Florida Division of Recreation and Parks or Mike Bullock receive Federal financial assistance. This omission alone warrants dismissal of Plaintiffs' claim. See American Ass'n of People with Disabilities v. Smith, 227 F.

---

[5] To the extent that Plaintiffs are seeking attorney's fees pursuant to 42 U.S.C. § 12205 for a violation of the Florida Americans with Disabilities Accessibility Implementation Act, Plaintiffs have failed to allege an entitlement to fees under this section.

Supp. 2d 1276, 1294 (M.D. Fla. 2002) ("Since Plaintiffs made no other allegations regarding the receipt of federal financial assistance, [the claim] is due to be dismissed . . . .").

Accordingly, this Court should dismiss Plaintiffs' Rehabilitation Act claim because Plaintiffs fail to state a cause of action.

WHEREFORE Defendants move this Honorable Court to enter an order dismissing Plaintiffs' Complaint with prejudice.

    Respectfully Submitted,

    **CHARLES J. CRIST, JR.**
    Attorney General


    s/ Stephanie A. Daniel
    **STEPHANIE A. DANIEL**
    Senior Assistant Attorney General
    Fla. Bar No. 332305
    **LEAH L. MARINO**
    Assistant Attorney General
    Fla. Bar No. 309140

    Office of the Attorney General
    PL-01, The Capitol
    Tallahassee, Florida 32399-1050
    Tele. No.: 850/414-3300
    FAX No.: 850/488-4872
    Stephanie_Daniel@oag.state.fl.us

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by United States Mail, to KU AND MUSSMAN, P.A., 11098 Biscayne Blvd., Suite 301, Miami, Florida, 33161, RHONDA A. ANDERSON, P.A., City National Bank Building, 2701 S. LeJeune

Road, Suite 345, Coral Gables, Florida, 33134, and JIM DONNELLAN, Esq., 9850 SW 96th Street, Miami, Florida 33176, this 15th day of September 2005.

s/ Stephanie A. Daniel
Stephanie A. Daniel
Senior Assistant Attorney General
