UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **05-CV-10073**-MOORE



| | |
|---|---|
| FLORIDA DISABLED OUTDOORS ASSOCIATION, a Florida not-for-profit corporation, THE ASSOCIATION FOR DISABLED AMERICANS, INC., a Florida not-for-profit corporation, DONNA DICKENS, an individual, BILL GANNON, an individual, CATHY GANNON, an individual, and P. MICHELLE WISNIEWSKI, an individual,<br><br>       Plaintiffs,<br><br>vs.<br><br>CORAL REEF PARK CO., INC., a Florida Corporation, FLORIDA DIVISION OF RECREATION AND PARKS, a division of the State of Florida, and MIKE BULLOCH, Director, in his Official Capacity,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

FLORIDA DISABLED OUTDOORS ASSOCIATION, a Florida not-for-profit corporation, THE ASSOCIATION FOR DISABLED AMERICANS, INC., a Florida not-for-profit corporation, DONNA DICKENS, an individual, BILL CANNON, an individual, CATHY GANNON, an individual, and P. MICHELLE WISNIEWSKI, an individual, hereby sue the Defendants, CORAL REEF PARK

-1-

CO., INC., a Florida Corporation, FLORIDA DIVISION OF RECREATION AND PARKS, a division of the State of Florida, and MIKE BULLOCH, Director, in his official capacity, for Preliminary and Permanent Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to Titles II and III of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134, 12181 et seq. ("ADA"), the Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction[1] (hereinafter collectively referred to as "FACBC"), and for injunctive relief and compensatory damages pursuant to 29 U.S.C. 794 et seq. (Rehabilitation Act).

## JURISDICTION AND VENUE

1.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title II and Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134, 12181 et seq., (see also 28 U.S.C. § 2201 and § 2202), and for Plaintiffs' claims arising from 29 U.S.C. 794 et seq. (Rehabilitation Act).

2.     This Court also has *pendant* jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3.     Venue is properly in the United States District Court for the

---

[1] Florida Statutes §§ 553.501 through 553.513 and Florida Building Code Chapter 11.

Southern District of Florida, Key West Division, because venue lies in the judicial district of the property *situs*. The Defendants' facility, where Defendants' services, programs, and/or activities are offered, is located in and does business within this judicial district.

4.    Plaintiff, FLORIDA DISABLED OUTDOORS ASSOCIATION, is a Florida not-for-profit corporation located at 2213 Tallahassee Drive, Tallahassee, Florida 32309, in the County of Leon.

5.    Plaintiff, THE ASSOCIATION FOR DISABLED AMERICANS, INC., is a Florida not-for-profit corporation located at 6538 Collins Avenue, Miami Beach, Florida 33141, in the County of Dade.

6.    Plaintiff, DONNA DICKENS, is an individual residing at 301 Sam Smith Circle, Crawfordville, Florida 32327, in the County of Wakulla.

7.    Plaintiff, BILL GANNON, is an individual residing at 1704 Colonial Road, Harrisburg, Pennsylvania 17112, in the County of Dauphin.

8.    Plaintiff, CATHY GANNON, is an individual residing at 1704 Colonial Road, Harrisburg, Pennsylvania 17112, in the County of Dauphin.

9.    Plaintiff, P. MICHELLE WISNIEWSKI, is an individual residing at 1008 Calico Jack Circle, Cudjoe Key, Florida 33042, in the County of Monroe.

10.    Defendant, CORAL REEF PARK CO., INC. ("CORAL REEF"), a Florida Corporation, owns and/or operates the real property, which is the

subject of this action, located at MM 102 US Hwy. 1, Box 1560, Key Largo, Florida 33037, in Monroe County.

11.     Defendant, FLORIDA DIVISION OF RECREATION AND PARKS ("FLORIDA PARKS"), is a division of the State of Florida and is the public entity, whose services, programs, and/or activities are located at the facility which is the subject of this action.  The facility is located at MM 102 US Hwy. 1, Box. 1560, Key Largo, Florida 33037, in Monroe County.  Pursuant to 42 U.S.C. §12131, *et seq.*, Defendant is subject to the ADA.

12.     Defendant, Mike Bulloch, is the Director of the Florida Parks Service and is a proper party before this Court in his official capacity. Pursuant to 42 U.S.C. §12131, *et seq.*, Defendant is subject to the ADA.

13.     The property and related facilities located at MM 102 US Hwy. 1, Box 1560, Key Largo, Florida 33037., in which all Defendants either own, operate, lease, or lease to, and which is the subject of this action, is hereinafter referred to as "JOHN PENNEKAMP PARK" or "the subject premises."

## STATUTORY BACKGROUND

14.     On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of goods, services, facilities, privileges, and access to places of public accommodation.

15.     Furthermore, pursuant to 42 U.S.C. § 12182 and 28 C.F.R

36.201(a), Congressional intent was for no place of public accommodation to discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

16. Additionally, in Title II of the ADA, 42 U.S.C. §12131, *et seq.*, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

17. Pursuant to the mandates of 42 U.S.C. §12134(a), the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 35 and ADA Standards for Accessible Design, 28 C.F.R. Part 36, Appendix A (hereinafter referred to as "ADAAG").

18. Pursuant to 42 U.S.C. § 12182(E), it shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

19. Pursuant to 36 CFR § 36.205, a public accommodation shall not exclude or otherwise deny equal goods, services, facilities, privileges,

advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

### THE PARTIES AND STANDING

20.    Plaintiff DONNA DICKENS is a Florida resident, is *sui juris* and qualifies as an individual with disabilities as defined by the ADA.

21.    Plaintiff suffers from Spinal Bifida, which requires her to use a wheelchair to ambulate the majority of the time.

22.    Plaintiff Dickens is a member of the Florida Disabled Outdoors Association, a Florida not-for-profit corporation.

23.    Plaintiff Donna Dickens has visited the property which forms the basis of this lawsuit.   However, the Plaintiff has been excluded from participation of Defendants' services, including but not limited to, the dive boat program, restrooms, beaches, glass bottom boat tours, nature trails, visitor center  and concessions and picnic areas, because of the architectural barriers at the subject property and the lack of an accessible dive boat.

24.    Plaintiff enjoys scuba diving at the subject premises and will regularly visit the premises in the future to enjoy the programs and activities offered there, especially the dive boat program.  However, Plaintiff Dickens will be denied full access to the programs, activities, and accommodations thereto unless the relief requested in this Complaint is granted.

25.    Plaintiff, P. MICHELLE WISNIEWSKI, is a Florida Resident, is *sui juris* and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is a board member of the corporate Plaintiff, THE ASSOCIATION FOR DISABLED AMERICANS, INC., a non-profit disability rights organization. Plaintiff suffers from, *inter alia*, acute respiratory failure which requires her to utilize a scooter to ambulate.  Plaintiff WISNIEWSKI visited the property which forms the basis of this lawsuit on or about July 2004. However, the Plaintiff WISNIEWSKI has been excluded from participation of Defendants' services and Defendants' facilities, including but not limited to, the boating excursions, restrooms, concessions and picnic areas, because of the architectural barriers set forth *infra* and/or as a result of Defendants' policies and procedures at the subject property.   Plaintiff, a naturist photographer whose photos are displayed in various public buildings throughout Monroe County, will regularly visit the premises in the future to engage in photography, and to enjoy the programs and activities at the subject premises.  However, Plaintiff WISNIEWSKI will be denied full access to the programs, activities, and accommodations thereto unless the relief requested in this Complaint it granted.

26.    Plaintiff, BILL GANNON, is a Pennsylvania resident, is *sui juris* and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is a T5-6 paraplegic and his condition requires him to utilize a wheelchair to

ambulate. Plaintiff BILL GANNON visited the property which forms the basis of this lawsuit on or about January 2004. However, the Plaintiff BILL GANNON has been excluded from participation of Defendants' services and Defendants' facilities, including but not limited to the Dive boat excursion, restrooms, concessions and picnic areas, because of the architectural barriers set forth *infra* and/or as a result of Defendants' policies and procedures (or lack thereof) at the subject property. Plaintiff BILL GANNON, who returns to the Florida Keys at least once a year on vacation, will visit the premises in the future but will be denied full access to the programs, activities, and accommodations thereto unless the relief requested in this Complaint it granted.

27.    Plaintiff, CATHY GANNON, is the wife of Plaintiff, Bill Gannon, and is able-bodied. Mrs. GANNON brings her claim solely under Title III of the ADA; 42 U.S.C. §12181, *et seq*. Plaintiff CATHY GANNON visited the subject premises with her husband, BILL GANNON, on or about January 2004 and was subjected to discrimination by the Defendants as a result of her association with her husband, Plaintiff BILL GANNON. More specifically, in violation of 28 CFR §36.205, Plaintiff CATHY GANNON was forced to leave Defendants' premises when her husband, Plaintiff BILL GANNON, was subjected to discrimination as a result of Defendants' acts and omissions in violation of the ADA and the FACBC as more fully set forth herein.

-8-

Accordingly, Plaintiff CATHY GANNON was excluded or otherwise denied equal goods, services, facilities, privileges, advantages, accommodations, and other opportunities because of the known disability of her husband, Plaintiff BILL GANNON, with whom CATHY GANNON has a relationship and association through marriage. Plaintiff CATHY GANNON, who returns with her husband to the Florida Keys every year on vacation, will visit the premises in the future, but will be denied full access to the programs, activities, and accommodations thereof due to her association with her husband, Plaintiff BILL GANNON, unless the relief requested in this Complaint is granted.

28. The barriers to access at the property and Defendants' failures to make reasonable changes in policies and procedures and/or to provide services and programs through ADA compliant alternate means, as required by the ADA, have endangered, and will continue to endanger, Plaintiffs' safety.

29. All Plaintiffs herein have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to JOHN PENNEKAMP PARK as described, but not necessarily limited to, the allegations in paragraphs 47, 58, 86 and 97 of this complaint.

30. Plaintiff, FLORIDA DISABLED OUTDOORS ASSOCIATION, (hereinafter "Outdoors Association"), is a Florida not-for-profit corporation. Members of this organization include individuals with disabilities as defined

by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to promote health and wellness and enhance the lives of people with disabilities through outdoor activities.

31.    Plaintiff, Outdoors Association, through its members, visited the subject premises through organized outings and it intends to regularly organize outings to the subject premises in the future to enjoy the programs and activities offered there, including the dive boat program.

32.    However, the Plaintiff Outdoors Association will be denied full access to the programs, activities, and accommodations thereto unless the relief requested in this Complaint is granted.

33.    Plaintiff, the ASSOCIATION FOR DISABLED AMERICANS, INC., (hereinafter "the Association"), is a non-profit corporation organized and existing under the laws of the State of Florida. The Association's members, which includes the individual Plaintiffs Wisniewski and Cathy and Bill Gannon herein, are qualified individuals with disabilities under the ADA and the FACBC. The Association seeks to improve the economic and societal opportunities of its members by providing counseling and other services to its members as well as, when required, enforcing the legal rights to access for its members in order to facilitate their participation and integration into society. In so doing, the Association seeks to assure that public spaces and commercial

premises are accessible to, and usable by, its members in the future; to assure its members that they will not be excluded from participation in, or be denied the benefits of, the services, programs or activities of public accommodations; and, to assure its members that they are not discriminated against because of their disabilities. The Association and its members have suffered direct and indirect injury as a result of the Defendants' discriminatory practices described more fully herein, and will continue to suffer such injury and discrimination without the relief provided by the ADA and the FACBC as requested herein. Defendants' discriminatory practices have forced the Association to divert resources from its counseling and other programs, thereby perceptibly impairing the Association's ability to provide services to its members and directly frustrating one of the goals of the Association – to facilitate access and integration for its members. The Association has also been discriminated against because of its association with its members and their claims. The Association will not seek compensatory or other damages in this action, and hereby waives entitlement to any such award of damages.

34. One or more of the members the Association have suffered an injury that would allow it to bring suit in its own right.

35. Further, both the ASSOCIATION FOR DISABLED AMERICANS, INC. and the FLORIDA DISABLED OUTDOORS ASSOCIATION have also been discriminated against because of their respective association with their

respective disabled members and their claims.

36.   Both corporate Plaintiffs, the ASSOCIATION FOR DISABLED AMERICANS, INC., its members, and Plaintiffs, the FLORIDA DISABLED OUTDOORS ASSOCIATION, and its members, have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA.

37.   Neither the Plaintiff Association nor the Plaintiff Organization will not seek compensatory or other damages in this action and hereby waives entitlement to any such award of damages.

38.   Defendant, FLORIDA DIVISION OF RECREATION AND PARKS, is a public entity within the meaning of 42 U.S.C. § 12132 of the ADA. Defendant owns, or leases, or leases to, or operates the subject premises within the meaning of 42 U.S.C. § 12132 of the ADA.  Defendant is responsible for complying with the obligations of the Rehabilitation Act and Title II of the ADA.  The facility that houses the Defendant's services, programs, and/or activities is known as JOHN PENNEKAMP PARK and is located at MM 102 US Hwy. 1, Box 1560, Key Largo, Florida 33037 in the county of Monroe.  The facility was constructed prior to the enactment of the ADA.

39.   Defendant, CORAL REEF PARK CO., INC., owns and/or operates a place of public accommodation as defined by the ADA and the regulations

implementing the ADA, 28 C.F.R. 36.201(a) and 36.104.   Defendant is responsible for complying with the obligations of Title III of the ADA.  The place of public accommodation that the Defendant owns, and/or operates is known as JOHN PENNEKAMP PARK, and is located at MM 102 US Hwy. 1., Box 1560, Key Largo, Florida 33037 in the county of Monroe.  The facility was constructed prior to the enactment of the ADA.

40.    Defendant, Mike Bulloch, is the Director of the Florida Parks Service and is a proper party before this Court in his official capacity. Defendant has a duty under Title II of the ADA and under the Rehabilitation Act to ensure that the subject premises is in compliance with same.  As more fully set forth herein, Defendant Bulloch failed in said duty and has discriminated against Plaintiffs as a result of said failures.

41.    Plaintiffs, FLORIDA DISABLED OUTDOORS ASSOCIATION, THE ASSOCIATION FOR DISABLED AMERICANS, INC., DONNA DICKENS, BILL GANNON, CATHY GANNON and P. MICHELLE WISNIEWSKI, (hereinafter referred to as "Plaintiffs") have reasonable grounds to believe that they will continue to be subjected to discrimination by Defendants in violation of the ADA.

42.    In the future once the barriers to access have been removed, all Plaintiffs will visit JOHN PENNEKAMP PARK, not only to enjoy the services, programs and/or activities available at the property, but also to assure

themselves that this property is in compliance with the ADA so that they and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

43.   The Defendant, FLORIDA PARKS, a public entity, has discriminated against the Plaintiffs  by denying them the benefits of its services, programs, and/or activities by failing to make accommodations readily accessible as prohibited by 42 U.S.C. § 12132 and its implementing regulations 28 C.F.R. Part 35.101-35.190, *et. seq.*

44.   The Defendant, CORAL REEF, has discriminated against the Plaintiffs  by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings and facilities, as prohibited by 42 U.S.C. § 12182, *et seq.*

## COUNT I

### VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT -FLORIDA DIVISION OF RECREATION AND PARKS AND MIKE BULLOCH

45.   Plaintiffs adopt and re-allege the allegations contained in Paragraphs 1-44 as if fully stated herein.

46.   42 U.S.C. §12133 provides: "[t]he remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

47.   The Defendants, Florida Division of Recreation and Parks, and MIKE BULLOCH have discriminated, and are continuing to discriminate, against the Plaintiffs in violation of the ADA by excluding and/or denying Plaintiffs the benefits of its services, programs, and/or activities by failing to, *inter alia*, have accessible facilities within five (5) years of January 26,1992. A preliminary inspection of JOHN PENNEKAMP PARK has verified that such violations exist.  These violations include, but are not limited to:

**RANGER STATION:**

a.   At the ranger station, door hardware is inaccessible for individuals with manual dexterity limitations pursuant to ADAAG 4.13.

b.   At the ranger station, signage lacks requisite Braille for individuals with visual limitations pursuant to ADAAG 4.30.

c.   At the ranger station, inadequate maneuvering clearances are present for an individual who uses a wheelchair, walker, crutches or cane to enter and exit the door pursuant to ADAAG 4.13.

d.   Within the ranger station, no lowered counter or alternate writing services available for individuals who use a wheelchair pursuant to ADAAG 7.2.

**PICNIC TABLES:**

e.   Picnic shelters including those designated for the disabled do not provide a path of access and clear floor space at the barbecue grills pursuant to ADAAG 4.3 & 4.27 thereby rendering same inaccessible to individuals in wheelchairs.

f.   The path of access to designated disabled picnic shelters has changes in level exceeding ½" without requisite beveling pursuant to ADAAG 4.3 & 4.5.

g.      Other picnic tables (approximately 6) not within a shelter at Cannon Beach lack a path of access and adequate depth for an individual who uses a wheelchair to pull beneath the provided tables pursuant to ADAAG 2.2, 4.3 & 4.32.

## RESTROOMS

h.      Restrooms near the boat trailer parking lack compliant signage for individuals with visual limitations pursuant to ADAAG 4.30.

i.      Restrooms near the boat trailer parking have thresholds with a vertical change in level exceeding 1" precluded by ADAAG 4.13.

j.      Otherwise designated disabled stalls within the restrooms lack any side approach clearance for individuals who use a wheelchair or compliant grab bars pursuant to ADAAG 4.22 & 4 .17.

k.      Toilet paper dispensers within the stalls are improperly mounted pursuant to ADAAG 4.16.

l.      Coat hooks throughout the restroom are beyond reach parameters for individuals who use a wheelchair pursuant to ADAAG 4.2.

m.      Urinals are not lowered for persons of short stature pursuant to ADAAG 4.18.

n.      Lavatory pipes are not insulated pursuant to ADAAG 4.19.

o.      Mirrors are mounted above the requisite 40" thereby rendering same inaccessible for individuals who use a wheelchair pursuant to ADAAG 4.19.

p.      Shelters at Cannon Beach lack a path of access for individuals who use a wheelchair pursuant to ADAAG 2.2, 4.3 & 28 CFR §36.202 & §36.203 thereby rendering same inaccessible to an individual who uses a wheelchair.

## BEACH ACCESS:

q.      No means to access the shoreline is available for an individual who uses a wheelchair, walker, cane or crutches pursuant to ADAAG 2.2, 4.5 and 28 CFR §35.130 & §35.149

**VISITOR'S CENTER:**

r.    The ramp leading to the Visitors Center from the parking lot has excessive slope precluded by ADAAG 4.8.

s.    The ramp leading to the Visitors Center lacks requisite handrails pursuant to ADAAG 4.8.

t.    The main entrance into the Visitors Center lacks a level landing not to exceed 2% precluded by ADAAG 4.13.

u.    Within the Visitor Center, a theater presentation in an assembly area lacks required designated wheelchair seating locations dispersed throughout the seating area pursuant to ADAAG 4.33.

v.    Within the Visitors Center no assistive listening devices or its requisite signage is present pursuant to ADAAG 4.33.

w.    The transition plan fails to comply with the requirements of 28 C.F.R. §35.105 Section II-5.3000 and is otherwise violates the ADA by failing:

   i.    to conduct a self-evaluation of its services, policies, and practices by July 26, 1992 possibly 1993 and make modifications necessary to comply with the Department's Title II regulations (28 C.F.R. Part 35), 28 C.F.R. §35.105; *(The self evaluation of the park is incomplete)* II-8.2000 Self-evaluation.

   ii.    to notify applicants, participants, beneficiaries, and other interested persons of their rights and the Town's obligations under Title II and the Department's regulations, 28 C.F.R. §35.106*; (The "Transition Plan" does not show or detail how or when notice has been given to interested parties)* II-8.4000 Notice to the public.

   iii.    to designate a responsible employee to coordinate its efforts to comply and carry out the Town's ADA responsibilities, 28 C.F.R. § 35.107(a); *(No individual has been designated as the responsible entity.)* II-8.5000 Designation of responsible employee and development of grievance procedures.

_____iv.  to establish a grievance procedure for resolving complaints of violations of title II, 28 C.F.R. § 35.107(b); (No grievance procedure has been delineated.)

v.  to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others, including furnishing auxiliary aids and services when necessary, 28 C.F.R. §35.160;  (No notice regarding availability in alternate formats.)

vi.  Where the entity communicates by telephone, ensure that means to communicate through a telecommunications device for the deaf (TDD), or other equally effective telecommunications system, is available for individuals who have hearing or speech impairments, 28 C.F.R. §35.161; *(No affirmation of how effective communication is to be accomplished.)*

vii.  There is no evidence on the park web site, in any brochures, or other documentation that policies have been evaluated for program access as for the detention procedures of individuals with disabilities, procedures or modalities for transportation of detainees, of methodologies for communication with individuals with speech or hearing impairments or the availability of documents in alternate formats.

Further, as required by the ADA and other remedial civil rights' legislation, to properly remedy Defendant's discriminatory violations, and avoid piecemeal litigation, Plaintiffs require a full inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

48.  The discriminatory violations described in paragraph 47 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require a full

inspection of the Defendants' facility in order to identify, photograph and to measure all of the discriminatory acts and other failures by which Defendants violate Title II of the ADA as a result of Defendants' failure to make the facility, its programs, activities and accommodations readily accessible to and usable by individuals with disabilities. Moreover, additional violations of Title III are listed *infra* as to Defendant, CORAL REEF.

49.   Title 28 C.F.R. § 35.130(4) states that "[a] public entity may not, in determining the site or location of a facility, make selections– (i) [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination..." Defendant has violated this provision by providing its services, programs, and/or activities at an inaccessible facility.

50.   28 C.F.R. 35.150(b)(1) and 28 C.F.R. 35.15(c) mandate that compliance with 28 C.F.R. Part 36 App. A or Uniform Federal Accessability Standards (UFAS) shall be deemed to comply with Title II of the ADA. Appendix A to Part 36 - Standards for Accessible Design (28 C.F.R. Part 36, App. A) - sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

51.   Defendants, Florida Division of Recreation and Parks and Director

Mike Bulloch in his official capacity, have discriminated against the Plaintiffs by excluding them from participation in, and denying them the benefits of, the services, programs, and/or activities at its facility because of Plaintiffs' disabilities, all in violation of 42 U.S.C. § 12132. Furthermore, the Defendants continue to discriminate against the Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or activities, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

52.    The Plaintiffs and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and/or activities of the Defendants' facility, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The Plaintiffs and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  Furthermore, as required by the ADA and other remedial civil rights'

legislation, to properly remedy Defendant's discriminatory violations, and avoid piecemeal litigation, Plaintiffs require a full inspection of the Defendant's place of public accommodation in order to identify and cure all of the areas of non-compliance with the Americans with Disabilities Act.

53.    Plaintiffs have retained the undersigned counsel and are entitled to recover reasonable attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 35.175.

54.    Although notice is not required under Titles II and III of the ADA, Plaintiffs provided Defendants with written notice on several occasions regarding the Defendants' failures to comply with the ADA.   However, Defendants refuse to cure the barriers or make the dive boat and other programs and activities accessible to the Plaintiffs and all others similarly situated.

55.    Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

56.    Pursuant to 42 U.S.C. § 12131, *et seq.*, this Court is provided authority to grant Plaintiffs' Injunctive Relief including an order to alter JOHN PENNEKAMP CORAL REEF STATE PARK to make those facilities, and/or programs, and/or activities, readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cure its violations of the

ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.   The Court issue a Declaratory Judgment that determines that the Defendants, at the commencement of the subject lawsuit, are in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.

b.   Preliminary and permanent injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.   An award of reasonable attorney's fees, costs and litigation

expenses pursuant to 42 U.S.C.§ 12205 and 28 C.F.R. 35.175.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title II of the Americans with Disabilities Act.

## COUNT II

### VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT - CORAL REEF PARK CO., INC.

57.    Plaintiffs adopt and re-allege the allegations contained in Paragraphs 1-56 as if fully stated herein.

58.    In addition to the discriminatory violations set forth in paragraph47 *supra*, Defendant CORAL REEF, has discriminated against Plaintiffs as a result of the following non-exclusive list of Title III ADA violations which presented barriers to access encountered by the individual Plaintiffs. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to identify, photograph and to measure all of the discriminatory acts violating the ADA and all of the barriers to access present at the subject premises:

### DIVE SHOP

a.     The entrance into the dive shop has a change in level at both the matt outside of the door as well as the threshold exceeding 1/2" pursuant to ADAAG 4.3 & 4.13.

b.     The counter within the dive shop lacks the requisite 36" lowered writing services pursuant to ADAAG 7.2.

c.     The counter for equipment rental lacks the required lowered writing services pursuant to ADAAG 7.2.

**BOAT RENTALS:**

d.     No path of access is available into the boat rental concession for individuals who use a wheelchair as a vertical change of level of nearly 2" is present precluded by ADAAG 4.3.

e.     No lowered counter is available within the boat rental concession pursuant to ADAAG 7.2.

f.     No means of providing access for an individual who uses a wheelchair to any of the powerboats available for rent precluded by ADAAG 2.2 and 28 CFR §36.302 & §36.203.

**MAIN CONCESSION STAND:**

g.     Doors leading into as well as exiting the rear of the facility's Main Concession have a double leaf door without a single leaf providing for the requisite 32" width clearance pursuant to ADAAG 4.13.

h.     The counter to purchase boat tours lacks the lowered 36" section for an accessible writing surface pursuant to ADAAG 7.2.

i.     The counter to purchase food items lacks a lowered 36" section for individuals who use a wheelchair pursuant to ADAAG 7.2.

j.     The counter for merchandise sales lacks a lowered section pursuant to ADAAG 7.2.

k.     Several of the self-service condiments and utensils are located on a shelf beyond reach parameters for a person who uses a wheelchair pursuant to ADAAG 4.2.

l.     None of the shaded picnic tables behind the Main

Concession are on a path of access with a stable and firm surface pursuant to ADAAG 2.2, 4.3 & 4.5.

m.   None of the shaded picnic tables behind the Main Concession provide a location between the benches with adequate width for a wheelchair pursuant to ADAAG 4.32.

n.   None of the shaded picnic tables behind the Main Concession have an adequate depth for an individual who uses a wheelchair pursuant to ADAAG 4.32.

o.   Signage at the restroom facilities lacks requisite pictograms and Braille pursuant to ADAAG 4.30.

p.   Lavatories within the disabled stalls lack requisite insulation pursuant to ADAAG 4.19.

q.   No changing bench is available for an individual who uses a wheelchair pursuant to ADAAG 4.23.

r.   Coathooks within the restroom are mounted beyond reach parameters pursuant to ADAAG 4.2.

**LARGE TOUR BOATS:**

s.   The counter for the return of snorkeling gear lacks the required lowered section pursuant to ADAAG 7.2.

t.   The Key Largo Dolphin tour boat lacks a method for an individual with a wheelchair to avail himself of the tour's amenities pursuant to ADAAG 2.2 and 28 CFR §35.130 & §35.149.

u.   The Spirit of Pennekamp glass bottom boat, just recently constructed and put into use, lacks a readily accessible head/restroom facility pursuant to ADAAG 2.2 and 28 CFR §§ 35.130, 35.149, 36.202 & 36.203.

v.   No path of access is available to the shaded waiting area for the tour boats and vending machines as excessive changes in level with and tree root and gravel are present precluded by ADAAG 4.5.

w.  The dive boat program lacks a method for an individual who uses a wheelchair to avail himself of the program's amenities pursuant to ADAAG 2.2 and 28 CFR §35.130 & §35.149.

x.  Various pamphlets distributed at the park lack any statement regarding accommodations for the disabled as required by 28 CFR 35.105-35.107; 35.150(c) and (d), II-8.4000 Notice to the public.

59.  Upon information and belief, there are additional, ongoing violations of the ADA/FACBC/Rehabilitation Act at the JOHN PENNEKAMP PARK which Plaintiffs are more likely than not going to encounter upon their future visits to the subject premises.  Plaintiffs bring this action:

a.  to redress injuries suffered as a result of Defendants' discriminatory actions and inactions set forth herein;

b.  to reasonably avoid further and future injury to Plaintiffs as a result of Defendants' ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the ADA, FACBC and Rehabilitation Act;

c.  to ensure Defendants' facility is accessible as required by the relevant applications of the FACBC and Titles II and III of the ADA, over thirteen years after the effective date of the ADA and eight years after the passage of the FACBC;

d.  to be made whole and ensure future compliance; and,

e.  to reasonably avoid future ADA/FACBC/REHABILITATION ACT litigation involving the same property and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

Only through a complete inspection of the premises and related facilities, undertaken by Plaintiffs' and/or their representatives, can all said

violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

60.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992. 28 C.F.R. 36.304(a). Pursuant to 28 CFR §36.304(d), removal of barriers whose removal is deemed readily achievable must comply with the applicable requirements for alterations in 28 CFR §§ 36.402 and 36.406 to the maximum extent feasible.    In the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and, if the Defendant's facility, or any portion thereof, is one which was designed and constructed for first occupancy subsequent to January 26, 1993 as defined in 28 C.F.R. 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

61.    Appendix A to Part 36 - Standards for Accessible Design (28 C.F.R. Part 36, App. A)- sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and

alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

     62.   The Department of Transportation has established that:

(a)   No entity shall discriminate against an individual with a disability in connection with the provision of transportation service.

(b)   Notwithstanding the provision of any special transportation service to individuals with disabilities, an entity shall not, on the basis of disability, deny to any individual with a disability the opportunity to use the entity's transportation service for the general public, if the individual is capable of using that service.

(c)   An entity shall not require an individual with a disability to use designated priority seats, if the individual does not choose to use these seats.

(d)   An entity shall not impose special charges, not authorized by this part, on individuals with disabilities, including individuals who use wheelchairs, for providing services required by this part or otherwise necessary to accommodate them.

(e)   An entity shall not require that an individual with disabilities be accompanied by an attendant.

(f)   Private entities that are primarily engaged in the business of transporting people and whose operations affect commerce shall not discriminate against any individual on the basis of disability in the full and equal enjoyment of specified transportation services. <u>This obligation includes, with respect to the provision of transportation services, compliance with the requirements of the rules of the Department of Justice concerning eligibility criteria, making reasonable modifications, providing auxiliary aids and services, and removing barriers.</u>

49 CFR § 37.5, (*citing* 28 CFR 36.301--36.306) (emphasis added).

63.    The vessels and related facilities which are owned, leased to or by, and/or operated by the Defendants, and which are the subject of this action, include various excursion boats, ticket booths, passenger loading pier and on-board restroom facilities.  These vessel and facilities must be, but are unable to be, accessed by individuals with disabilities, including the individual Plaintiffs and the corporate Plaintiff organizations and its members.  On at least three (3) three separate occasions, the individual Plaintiffs herein have been denied access to the excursion boats.  All individual Plaintiffs intend to utilize the excursion boats once they are able to access the vessels.

64.    The Department of Justice is responsible for issuing regulations to implement the public accommodation requirements of Title III of the ADA. 42 U.S.C. [§] 12186(b).  Under the Department of Justice regulations, places of public accommodation on passenger vessels are covered by the public accommodation requirements of Title III of the ADA. 28 CFR Part 36, Appendix B.

65.    The Department of Transportation is responsible for issuing regulations to implement the transportation vehicle requirements of title III of the ADA. 42 U.S.C. § 12186(a)(1).  The Department of Transportation has interpreted specified public transportation to include cruise ships and other vessels including excursion boats.  56 FR 45600 (September 6, 1991).  56 FR 45584-01 (1991).

66.     Pursuant to 42 U.S.C. § 12181(7), and 28 CFR § 36.104, the vessels which are the subject of this action are public accommodations covered by the ADA and which must be in compliance therewith.

67.     Pursuant to 42 U.S.C. §§ 12181(2), (10) and 28 CFR § 36.102, the vessels and related facilities which are the subject of this action are specified public transportation and commercial facilities covered by the ADA and which must be in compliance therewith.

68.     Pursuant to 42 U.S.C. § 12181(4), the vessels and related facilities which are the subject of this action are fixed route transportation systems covered by the ADA and which must be in compliance therewith.

69.     Title III of the ADA establishes requirements for the purchase and lease of vehicles operated by private entities, who are not primarily engaged in the business of transporting people and whose operations affect commerce, to provide specified public transportation.  42 U.S.C. § 12182.  For purposes of Title III of the ADA, the term "specified public transportation" means "transportation by bus, rail, or any other conveyance . . . that provides the general public with general or special service (including charter service) on a regular and continuing basis.  42 U.S.C. § 12181(10).  Passenger vessels such as cruise ships and excursion boats operated by private entities to provide specified public transportation are thus subject to the transportation vehicle requirements of Title III of the ADA.

70.     Title III of the ADA also establishes requirements for the purchase and lease of vehicles by private entities who are not primarily engaged in the business of transporting the public but operate a demand responsive or fixed route system. 42 U.S.C. § 12182(b)(2) (B) and (C).   For example, an amusement park or hotel that operates shuttle boats to transport patrons from a parking area to the main attraction area or hotel itself would be subject to the transportation vehicle requirements of Title III of the ADA. Access Board, FR March 30, 1998.

71.     In addition to the transportation vehicle requirements, title III of the ADA establishes requirements for new construction and alteration of places of public accommodation operated by private entities. 42 U.S.C. 12183.  There are twelve categories of places of public accommodation covered by Title III of the ADA, including places of lodging, establishments serving food or drink, and places of exhibition or entertainment.  42 U.S.C. § 12181(7) (A)-(L). Passenger vessels or portions of vessels that are within any of the twelve categories of places of public accommodation such as cruise ships, dinner ships, gaming boats, and sightseeing vessels are thus subject to the public accommodation requirements of Title III of the ADA.  U.S. Department of Justice ADA Technical Assistance Manual ["TAM"] III-4.4700 (ships operated by a private entity that is primarily engaged in the business of providing transportation are subject to ADA requirements established by the U.S.

Department of Transportation. Places of public accommodation aboard ships must comply with all of the Title III requirements, including removal of barriers to access where readily achievable.

72.    The Defendant has discriminated against the individual Plaintiffs and members of the corporate Plaintiff organizations by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the vessels, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

73.    Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181, *et seq.*, and 28 C.F.R. 36.302, *et seq.*  Furthermore, the Defendant continues to discriminate against the Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are readily achievable and necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

74.    The Plaintiffs and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and/or activities of, the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

75.    Plaintiffs have retained the undersigned counsel and are entitled to recover reasonable attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

76.    Although notice is not required under the ADA, Plaintiffs provided Defendant with written notice on several occasions regarding the aforementioned violations. However, Defendant refuses to cure the barriers or make the dive boat program accessible to the Plaintiffs and all others similarly situated.

77.    Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

78.    Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiffs' Injunctive Relief including an order to alter JOHN PENNEKAMP PARK to make those facilities which are owned, operated,

leased to or by Defendant, readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

      a.    The Court issue a Declaratory Judgment that determines that the Defendant, at the commencement of the subject lawsuit, is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

      b.    Preliminary and permanent Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.    An award of reasonable attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.§ 12205.

d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT III

### <u>VIOLATION OF FLORIDA BUILDING CODE</u>

79.   Plaintiffs adopt and re-allege the allegations contained in Paragraphs 1-78 as if fully stated herein.

80.   In 1997, the Florida legislature enacted the Florida Americans With Disabilities Accessibility Implementation Act.  The purpose and intent of the Act (Sections 553.501-553.573, Florida Statutes, "FACBC") was to incorporate into the laws of Florida and Chapter 11 of the Florida Accessibility Code for Building Construction, (the "FACBC"), the accessibility requirements of the Americans With Disabilities Act of 1990, while at the same time maintaining those provisions of Florida law that are more stringent than the ADAAG; that is, those provisions which are more favorable to the disabled.

81.   Pursuant to Florida Statute § 553.503, the JOHN PENNEKAMP PARK, owned by FLORIDA DIVISION OF RECREATION AND PARKS and CORAL REEF PARK CO, INC., is a place of public accommodation and/or public entity which provide goods and services to the public.

82.   Florida Statute § 553.73(b) incorporates the FACBC into the

Florida Building Code.

83.    Pursuant to Florida Statute § 553.94, *inter alia*, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part of the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation.

84.    Defendants FLORIDA DIVISION OF RECREATION AND PARKS, MIKE BULLOCH in his official capacity, and CORAL REEF PARK CO, INC. have discriminated, and continue to discriminate, against the Plaintiffs, and others who are similarly situated, and the Plaintiffs have been damaged, as a result of Defendants' denying Plaintiffs access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the JOHN PENNEKAMP PARK in derogation of Florida Statute § 553.501, *et. seq*.

85.    The Plaintiffs have been damaged and have been unable to, and continue to be unable to, enjoy access to and the benefits of, the services offered at the JOHN PENNEKAMP PARK. Prior to the filing of this lawsuit, Plaintiffs visited the JOHN PENNEKAMP PARK and were denied access to, and full participation in, the benefits, accommodations, and services of the Defendants' goods and services and therefore Plaintiffs suffered an injury in fact. In addition, Plaintiffs continue to be damaged in that they desire to re-

visit the JOHN PENNEKAMP PARK, but continue to be injured in that they are unable to safely do so and continue to be discriminated against due to the architectural and policy barriers which remain at the JOHN PENNEKAMP PARK in violation of the ADA and the Florida Building Code.

86.    The violations of FACBC include, but are not limited to, the federal violations listed in ¶¶ 47 and 58 of this complaint, and the following:

a.    All but two of the signs for disabled parking are mounted below requisite height requirements pursuant to FACBC 11-4.6.

b.    None of the signage for disabled parking includes required wording "Tow Away Zone" pursuant to FACBC 11-4.6.

c.    Disabled parking spaces lacked proper configuration pursuant to FACBC 11-4 .6.

d.    Stall doors for the disabled stall are not self-closing pursuant to FACBC 11-4.17.

87.    Upon information and belief, there are additional, ongoing violations of the FACBC and the Florida Building Code at the JOHN PENNEKAMP PARK which Plaintiffs are more likely than not going to encounter upon their future visits to the subject premises.  Plaintiffs bring this action:

a.    to redress injuries suffered as a result of Defendants' discriminatory actions and inactions set forth herein;

b.    to reasonably avoid further and future injury to Plaintiffs as a result of Defendants' ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the FACBC;

     c.     to ensure Defendants' facility is accessible as required by the relevant applications of the FACBC and Titles II and III of the ADA, over thirteen years after the effective date of the ADA and eight years after the passage of the FACBC;

     d.     to be made whole and ensure future compliance; and,

     e.     to reasonably avoid future ADA/FACBC litigation involving the same property and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

Only through a complete inspection of the premises and related facilities, undertaken by Plaintiffs' and/or their representatives, can all said violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

88.    To date, barriers whose removal is readily achievable, and other violations of the FACBC and Florida Building Code still exist at the subject premises and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the FACBC.

89.    Pursuant to the Florida Accessibility Code and the Florida Building Code, FLORIDA DIVISION OF RECREATION AND PARKS, MIKE BULLOCH in his official capacity, and CORAL REEF PARK CO, INC., are required to make the JOHN PENNEKAMP PARK, a place of public accommodation, accessible to persons with disabilities.  To date, Defendants have failed to comply with this mandate.

90.    Defendants either do not have a policy to assist people with

disabilities or refuses to enforce such a policy if it does exist.

91.     The Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiffs are entitled to have their reasonable attorney's fees, costs, and expenses paid by Defendants.

92.     Pursuant to the Florida Statutes, this Court is vested with the authority to grant Plaintiffs' injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the FACBC, and closing the subject facilities until the requisite modifications are completed.

**WHEREFORE**, the Plaintiffs demand judgment against Defendants and request the following injunctive and declaratory relief:

> a.      That the Court declare that the property owned, leased, and/or administered by Defendants is in violation of the FACBC and the Florida Building Code;
>
> b.      Preliminary and Permanent Injunctive relief against the Defendants, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the FACBC and Florida Building; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when

such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of reasonable attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.§ 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable under the FACBC.

## COUNT IV

### VIOLATIONS OF THE REHABILITATION ACT
### (DEFENDANTS FLORIDA DIVISION OF RECREATION AND PARKS & MIKE BULLOCH, DIRECTOR )

93.     Plaintiffs adopt and re-allege the allegations contained in Paragraphs 1-92 as if fully stated herein.

94.     Plaintiffs bring this claim against the Defendants, Florida Division of Recreation and Parks, and Mike Bulloch in his official capacity, based upon the Rehabilitation Act, 29 U.S.C. §794, *et seq*.

95.     The Rehabilitation Act provides that:

-40-

> No otherwise qualified individual with handicaps in the United States, as defined by 7(8) [29 USCS § 706(8)], shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).

96.    As set forth herein, the Defendants have violated the Rehabilitation Act by intentionally excluding the Plaintiffs, solely by reason of their disabilities, from the participation in, and denying them the benefits of, and have otherwise subjected them to discrimination under, the Defendants' programs and activities.

97.    A non-exclusive list of Defendants violations of the Rehabilitation Act and discriminatory conduct against the individual Plaintiffs and the members of the corporate plaintiff organizations are evinced by:

      a.    denying Plaintiffs access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services offered by defendant;

      b.    by otherwise limiting Plaintiffs in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive defendant's aids, benefits and services;

      c.    making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of

the objectives of, the services, programs and activities offered by Defendant;

d.    failing to make reasonable modifications in policies, practices and procedures which modifications are necessary to avoid discrimination on the basis of disability;

e.    failing to administer services, programs and activities in the most integrated setting appropriate to the needs of Plaintiffs;

f.    excluding plaintiffs from participation in, and the benefits of, Defendants' services programs and activities as a result of defendant's facilities being inaccessible to or unusable by Plaintiffs;

g.    failing to operate each program, service and activity so that the programs, services and activities are readily accessible to and useable by individuals with disabilities;

h.    failing to design and/or construct new facilities, or alterations to existing facilities, which are readily accessible to and useable by individuals with disabilities;

i.    failing to take appropriate steps to insure that communications with applicants, participants and members of the public with disabilities are as effective as communications with others;

j.    failing to furnish appropriate auxiliary aids and services where necessary to afford an individual with disabilities an equal opportunity to participate in, and enjoy the benefits of, a service, program or activity offered to the public by Defendants.

98.    Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at the JOHN PENNEKAMP PARK which Plaintiffs are more likely than not going to encounter upon their future visits to the subject premises.  Plaintiffs bring this action:

a.     to redress injuries suffered as a result of Defendants' discriminatory actions and inactions set forth herein;

b.     to reasonably avoid further and future injury to Plaintiffs as a result of Defendants' ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the Act;

c.     to ensure Defendants' facility is accessible as required by the relevant applications of the FACBC and Titles II and III of the ADA, over thirteen years after the effective date of the ADA and eight years after the passage of the FACBC;

d.     to be made whole and ensure future compliance; and,

e.     to reasonably avoid future ADA/FACBC/REHABILITATION ACT litigation involving the same property and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

Only through a complete inspection of the premises and related facilities, undertaken by Plaintiffs' and/or their representatives, can all said violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

99.    Upon information and belief, Defendants are the recipients of Federal Funds. As the recipients of federal funds, Defendants are liable for damages to the individual Plaintiffs as a result of Defendants' acts and omissions constituting intentional discrimination.

100.   As set forth above, the individual Plaintiffs and the corporate Plaintiffs' members have been denied access to, and have been, and without the relief requested herein will continue to be, denied the benefits of the

services, programs, facilities, activities and accommodations offered by defendant solely by reason of his/her disability, and have otherwise been discriminated against and damaged solely by reason of his/her disability as a result of Defendants' Rehabilitation Act violations set forth above. In addition to the individual Plaintiffs' claims asserted herein, similar claims regarding Defendants' facilities, spaces and premises are also asserted on behalf of the corporate Plaintiffs and their  members as the claims do not require the participation of each individual members.

101.   Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action. Plaintiffs are entitled to recover those attorneys' fees, costs and litigation expenses from Defendants pursuant to 29 U.S.C. §794(b).

102.   Any and all requisite notice, if any, has been provided to the defendant and all necessary administrative remedies, if any, have been exhausted.

103.   Pursuant to 29 U.S.C. §794a this Court is provided authority to grant plaintiffs injunctive relief including an order to alter the subject premises, facilities, services, activities, programs and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act; closing all premises and facilities

and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed; and, granting the plaintiffs compensatory damages for Defendants' discriminatory actions.

WHEREFORE, plaintiffs respectfully request the Court to issue a preliminary and permanent injunction enjoining the Defendants from continuing their discriminatory practices, ordering the Defendants to alter and modify the subject premises, facilities, services, activities, programs and accommodations as appropriate to comply with the Rehabilitation Act, closing the subject premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed, and awarding the Plaintiffs their attorneys' fees, costs and litigation expenses incurred in this action.   Additionally, the individual Plaintiffs seek an award of compensatory damages as well as such further relief that the Court deems to be just and proper.

Respectfully submitted,

RHONDA A. ANDERSON, P.A.
Attorneys for Plaintiffs Association for
Disabled Americans, Inc., Bill Gannon,
Cathy Gannon, and Michelle Wisniewski
2701 LeJeune Road, Suite 345
Coral Gables, Florida 33134
Tele: (305) 567-3004
Fax: (305) 476-9837
E-Mail: rhoander@bellsouth.net

By: /s/ Rhonda A. Anderson
Rhonda A. Anderson
Fla. Bar No. 708038

and

KU & MUSSMAN, P.A.
Attorneys for Plaintiffs, Florida Disabled
Outdoors Association and Donna Dickens
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel: (305) 891-1322
Fax: (305) 891-4512
louis@kumussman.com
brian@kumussman.com

By: /s/ Louis I. Mussman, Esq.
Louis I. Mussman, Esq.
FBN: 597155
Brian T. Ku, Esq.
FBN: 610461

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document

was provided by U.S. mail to: Stephanie A. Daniel, Esq. and Leah L. Marino,

Esq., at the Office of the Attorney General, Counsel for Defendant, PL-01, The

Capitol, Tallahassee, Florida 32399, and Jim Donnellan, Esq., 9850 SW 96th

St., Miami, Florida 33176 on this 17th day of October 2005.

By: /s/ Rhonda A. Anderson, Esq.
Rhonda A. Anderson, Esq.