UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 05-10073-CIV-MOORE

FLORIDA DISABLED OUTDOORS )
ASSOCIATION, a Florida not-for-profit )
corporation, THE ASSOCIATION FOR )
DISABLED AMERICANS, INC., a )
Florida not-for-profit corporation, )
DONNA DICKENS, an individual, )
BILL GANNON, an individual, )
CATHY GANNON, an individual, and )
MICHELLE WISNIEWSKI, an )
individual, )
 )
      Plaintiffs, )
 )
vs. )
 )
CORAL REEF PARK CO., INC., )
a Florida corporation, FLORIDA )
DIVISION OF RECREATION AND )
PARKS, a division of the State of )
Florida, and MIKE BULLOCH, )
Director, in his Official Capacity, )
 )
      Defendants. )
_____)

### DEFENDANT CORAL REEF PARK CO., INC.'S
### MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

CORAL REEF PARK CO., INC., one of the named party Defendants herein, in accordance with Rule 12, Federal Rules of Civil Procedure, files this, its Motion to Dismiss Plaintiffs' Amended Complaint. As reason therefore, this Defendant states that:

1.    Plaintiffs have filed a four count Complaint against Coral Reef Park Co., Inc. and other Defendants. By its terms, only Counts II and III contain allegations directed to this Defendant.

1

2. Plaintiffs seek preliminary and permanent injunctive relief and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12131-12134, 12181 et seq., the Florida Americans with Disabilities Accessibility Implementation Act, and the Florida Accessibility Code for Building Construction. Plaintiffs also seek injunctive relief and compensatory damages pursuant to the Rehabilitation Act, 29 U.S.C. § 794 et seq..

3. Plaintiffs' claims arise from numerous alleged ADA violations at the John D. Pennekamp Coral Reef State Park (the "property") in Key Largo, Florida. (Amended Complaint ¶¶ 47 and 58).

4. The allegations directed to this Defendant in ¶ 58 of the Amended Complaint include alleged violations regarding certain vessels operated at or from the Park premises (¶ 58 f,t,u,w and x).

5. Plaintiffs' claims must be dismissed for one, some, or all of the following reasons:

    A. Plaintiffs have failed to allege Article III standing.

    B. The Plaintiffs have generally and specifically alleged ADA claims or violations pertaining to certain vessels, notwithstanding non-application or exceptions to the cited ADA provisions for such vessels.

    C. Plaintiffs have alleged violations directed to this Defendant under the ADA which are only applicable to public entities in the rendition of state and local government services, and accordingly not to this Defendant.

For the foregoing reasons, Plaintiffs' Amended Complaint must be dismissed against Defendant Coral Reef Park Co., Inc.

## MEMORANDUM OF LAW

This Defendant adopts and reiterates as though set forth fully herein the content of Defendants Florida Division of Recreation and Parks' and Mike Bullock's Memorandum of Law in support of their Motion to Dismiss Plaintiffs' Amended Complaint as to Section I (STANDARD FOR MOTION TO DISMISS) and Section II (PLAINTIFFS HAVE FAILED TO ALLEGE ARTICLE III STANDING).

### THE PLAINTIFFS' CLAIMS OR ALLEGATIONS OF ADA VIOLATIONS AS TO THE VESSELS DESCRIBED IN THE AMENDED COMPLAINT ARE NOT SUPPORTED BY APPLICABLE LAW

The status of accessibility guidelines for passenger vessels is summarized in the Architectural and Transportation Barriers Compliance Board's ("Access Board's") publication on November 26, 2004 in the Federal Register of its "Americans with Disabilities Act (ADA) Accessibility Guidelines for Passenger Vessels; Small Vessels".

Among other things, the report states that:

a)   the Access Board <u>is considering the development of</u> accessibility guidelines for newly constructed or altered passenger vessels which carry 150 or fewer passengers, or 49 or fewer overnight passengers. "This notice seeks comment on various iseus related tp the development of accessibility guidelines for these types of passenger vessels".

b)   the Access Board established an advisory committee (the Passenger Vessel Access Advisory Committee, or "PVAAC") to provide recommendations to assist the Board in developing passenger vessel guidelines. The PVAAC ultimately submitted its final report and recommendations to the Access Board.

3

    c)    the PVAAC report addresses two types of passenger vessels, those being larger passenger vessels which are subject to U.S. Coast Guard regulations found at 46 CFR Subchapters H or K, and smaller passenger vessels subject to Subchapters C or T. Most of the PVAAC report focuses on access in larger vessels (generally those permitted to carry more than 150 passengers) with only one chapter of the report addressing smaller vessels, such as those governed by Subchapter T, including the tour boats described in the Amended Complaint, and then only to seek comment.

    d)    the Access Board announced in the Federal Register, also on November 26, 2004, that its draft guidelines for <u>large</u> public vessels are available for public review.

    e)    the report also states that the Access Board seeks comment on four options to assist the Board in developing accessibility guidelines for the design, construction and alteration of smaller vessels.

Simply stated, such guidelines have not been adopted.

In its Amended Complaint, the Plaintiffs cite Part 2.2 of the ADA Accessibility Guidelines in connection with the vessels in question, but these guidelines simply speak to "equivalent facilitation"[1] The Plaintiffs also cite various sections under Title 28 of the Code of Federal Regulations, Sections 35 and 36, describing prohibitions against discrimination and denial of participation generally, without regard or reference to vessels.

---

[1] "Departures from particular technical and scoping requirements of this guideline by the use of other designs and technologies are permitted where the alternative designs and technologies used will provide substantially equivalent or greater access to and usability of the facility."

4

Case No. 05-10073-CIV-MOORE

### THE PLAINTIFFS ALLEGE CLAIMS AGAINST THIS DEFENDANT A PRIVATE COMPANY, BASED UPON LAW OR REGULATION DIRECTED ONLY TO PUBLIC (GOVERNMENTAL) ENTITIES

The Plaintiffs specifically cite 28 CFR 35.130 and 35.149. The latter section provides in full that:

"Except as otherwise provided in Sec. 35.150, no qualified individual with a disability shall, because a public entity's facilities are inaccessible to or unusable by individuals with disabilities, be excluded from participation in, or be denied the benefit of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity." (emphasis supplied.)

The provisions of Section 35.130 are substantially the same.

WHEREFORE, Defendant Coral Reef Park Co., Inc. requests that this Honorable Court enter its order dismissing Plaintiffs' Amended Complaint.

Respectfully submitted,

LAW OFFICES OF
J. JAMES DONNELLAN, III, P.L.C.
Attorney for Defendant Coral Reef Park Co.
9850 S.W. 96 Street
Miami, Florida 33176
Telephone: (305) 858-7040
Telefax   : (305) 854-8322
E-Mail    : jdonn3esq@aol.com

BY: _____
J. JAMES DONNELLAN, III
Florida Bar No. 131451

5

Case No. 05-10073-CIV-MOORE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by telefax and U.S. Mail this ___23rd___ day of November, 2005, to: Rhonda A. Anderson, P.A., Co-Counsel for Plaintiffs, City National Bank Building, Suite 345, 2701 S. LeJeune Road, Coral Gables, Florida 33134; and by U.S. Mail only to: Brian T. Ku, Esq., KU AND MUSSMAN, P.A., Attorneys for Plaintiffs, 11098 Biscayne Boulevard, Suite 301, Miami, Florida 33161; and Leah L. Marino, Assistant Attorney General, Office of the Attorney General, PL-01, The Capitol, Tallahassee, Florida 32399-1050.

_____
J. JAMES DONNELLAN, III